JOURNAL ENTRY AND OPINION
{¶ 1} In this Application for Reopening, filed pursuant to App. R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, defendant, pro se, seeks to overturn the appellate judgments rendered by this court in State v. Evans, (May 23, 2002), Cuyahoga App. No. 79895 ("Evans I").[1]
 {¶ 2} Before Evans I, however, defendant was convicted by a jury in the Cuyahoga County Court of Common Pleas on one count of murder with a firearm specification, a violation of R.C. 2903.02.[2]
 {¶ 3} At trial, the evidence established that defendant fatally shot Wayne Carnegie on December 29, 2000. Carnegie was the ex-husband of Cheryl Carnegie, defendant's girlfriend at the time of the murder. Carnegie had come to the house where defendant and Cheryl were staying. He parked his vehicle in the driveway and beeped the horn because he wanted to speak with Cheryl.
 {¶ 4} When no one emerged from the house, Carnegie went to the backdoor where he was met by the defendant. The two men were exchanging heated words when, according to defendant, Carnegie looked like he was reaching for a gun. Defendant, armed with a firearm, fatally shot Carnegie.
 {¶ 5} At trial, defendant asserted self-defense. Following deliberations, the jury convicted defendant of murder, a lesser included offense of aggravated murder.
 {¶ 6} The trial court appointed counsel to represent defendant in his direct appeal in Evans I. Defendant asserted a variety of errors, including the fact that the trial court had given the jury an erroneous instruction on self-defense. After review and oral argument, however, this court affirmed defendant's convictions.
 {¶ 7} With the same appointed counsel as he had in Evans I, defendant attempted to appeal the judgments in Evans I to the Ohio Supreme Court on July 18, 2002. The Court declined jurisdiction and dismissed defendant's appeal on October 2, 2002.
 {¶ 8} On December 2, 2004, defendant filed the instant Application for Reopening ("Application"). Thereafter, the State of Ohio filed a Brief in Opposition to that Application.
 {¶ 9} Before turning to the merits of defendant's Application, we first address the state's argument that defendant's Application is untimely.
 {¶ 10} Applications filed pursuant to App.R. 26(B)(1) and (2)(b) claiming ineffective assistance of appellate counsel must be filed within ninety days from the date an appellate court journalizes its decision in a defendant's direct appeal unless he shows good cause for filing at a later time.
 {¶ 11} In the case at bar, Evans I was journalized on June 3, 2002. Defendant's instant Application was not filed until December 2, 2004, more than two years after this court affirmed his convictions. Thus, the Application is untimely on its face.
 {¶ 12} Nonetheless, defendant argues that he can demonstrate good cause for the delay. According to defendant, because one of his two attorneys in Evans I and in his appeal to the Ohio Supreme Court was the same person it was not reasonable to expect him to argue that he provided ineffective appellate counsel in Evans I. Defendant argues that since appellate counsel is not expected to argue his own ineffectiveness, he could not have timely filed his Application until after the Ohio Supreme Court declined to take Evans I on appeal. We disagree.
 {¶ 13} It is well-settled that an appellate court retains jurisdiction to consider an application to reopen even though the applicant has an appeal pending in the supreme court. State v. Ayala (1996),111 Ohio App.3d 627, 630, 676 N.E.2d 1201.
 {¶ 14} In the instant case, defendant offers no explanation for why he did not file his Application while his appeal was pending in the Ohio Supreme Court. Under App.R. 26, "ignorance of the law, * * * does not automatically establish good cause for failure to seek timely relief."State v. Reddick (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. Because defendant could have filed his Application while he waited to see if the Ohio Supreme Court would accept his appeal from Evans I, he has not demonstrated good cause for the untimeliness of the Application.
 {¶ 15} The record in this case further demonstrates that the Ohio Supreme Court dismissed defendant's appeal on October 2, 2002. The instant Application, however, was not filed until December 2, 2004, more than two years later.
 {¶ 16} Defendant states that he "did not have complete access to all of his files in order to discover the extant issue which contributed to the delay herein." Defendant's Application, at p. 1. This court and others, however, have routinely rejected this type of explanation for failing to timely file an application to reopen. See, State v.Alexander, Cuyahoga App. No. 81529, 2004-Ohio-3861, at ¶ 4.
 {¶ 17} For all the foregoing reasons, defendant has not established good cause for failing to timely file his Application. Defendant's Application, therefore, is untimely and warrants dismissal.
 {¶ 18} Even if defendant's Application were timely filed, we would still overrule the merits of his sole assignment of error which states:
APPELLANT WAS DEPRIVED A PROCEDURAL DUE PROCESS OF LAW AND OF A FAIR TRIAL WHERE THE TRIAL COURT ISSUED AN ERRONEOUS "ACQUITTAL FIRST" JURY INSTRUCTION TO THE JURY AT TRIAL.
 {¶ 19} Defendant argues that he received ineffective appellate counsel in Evans I because his attorney did not argue that the trial court erred when it gave what he describes as an erroneous "acquittal first" jury instruction.
 {¶ 20} Initially, we note that defendant did not request different instructions or object to those given by the trial court. A defendant's "failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." (Citation omitted.)State v. Twyford, 94 Ohio St. 3d 340, 349-350, 2002-Ohio-894,763 N.E.2d 122.
 {¶ 21} To demonstrate ineffective counsel on appeal, a defendant "must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense." State v. Smith, Cuyahoga App. No. 79301, 2002-Ohio-6620, at ¶ 5, citing Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S. Ct. 2052.
 {¶ 22} In order to show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt about his guilt." Id., at 695. In determining whether a defendant has been prejudiced by his appellate counsel's representation, the court "must consider the totality of the evidence before the judge or jury." Id.
 {¶ 23} Strickland upholds "the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions." Id. at ¶ 7. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Id.
 {¶ 24} In the case at bar, defendant argues that he received ineffective appellate counsel in Evans I because he failed to raise the trial court's error in giving the following jury instructions:
If you find that the state failed to prove beyond a reasonable doubt any one or more of the essential elements of the offense of aggravated murder as charged in the indictment, your verdict must be not guilty, according to your findings. And you will continue your deliberations as to the lesser included offense of murder.
However, if you find that the state failed to prove beyond a reasonable doubt all the essential elements of the offense of aggravated murder, then your verdict must be not guilty of that offense.
And in that event, you will continue your deliberations to decide whether the state has proven beyond a reasonable doubt all the essential elements of the lesser included offense of murder.
If you find that the state failed to prove beyond a reasonable doubt anyone (sic) of the essential elements of the offense of murder, your verdict must be not guilty as to the offense of murder, but you shall continue to deliberate as to the charge of the lesser included offense of voluntary manslaughter.
However, if you find that the state failed to prove beyond a reasonable doubt all the essential elements of murder, then your verdict must be not guilty of that offense. And in that event, you will continue your deliberations to decide whether the state has proven beyond a reasonable doubt all of the essential elements of the lesser included offense of voluntary manslaughter.
Tr. at 851-58. According to defendant, this instruction constitutes an "acquittal first" instruction which is prohibited under Ohio law. Statev. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286.
 {¶ 25} An "acquittal first" instruction requires a jury to first determine unanimously that a defendant is not guilty of a charged offense before it can consider a lesser included offense. While we agree with defendant that an "acquittal first" instruction violates a defendant's right to procedural due process in Ohio, there is no "acquittal first" instruction in this case.
 {¶ 26} Precisely what a jury must unanimously agree upon before rendering a verdict was explained by this court in State v. Muscatello
(1977), 57 Ohio App.2d 231, 387 N.E.2d 627, affirmed on other grounds (1978), 55 Ohio St.2d 201, 378 N.E.2d 738.
 {¶ 27} In Muscatello, this court held that
[a] jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense. If a jury is unable to agree unanimously that a defendant is guilty of a particular offense, they may proceed to consider a lesser included offense upon which evidence has been presented. The jury is not required to determine unanimously that the defendant is not guilty of the crime charged before they may consider a lesser included offense.
Id., at syllabus.
 {¶ 28} In the case at bar, defendant has failed to recite a crucial section of the trial court's instructions. That section, highlighted below, must be read within the context of the other instructions coming before it and after it. The trial court, in relevant part, instructed the jury as follows:
If you find that the state proved beyond a reasonable doubt all the essential elements of the offense of aggravated murder, your verdict must be guilty as charged.
However, if you find that the state failed to prove beyond a reasonable doubt all the essential elements of aggravated murder, then your verdict must be not guilty of that offense.
And in that event, you will continue your deliberations to decide whether the state has proven beyond a reasonable doubt all the essential elements of the lesser included offense of murder.
* * *
If all — if you are unable to agree on a verdict of either guilty or not guilty of aggravated murder, then you will continue your deliberations to decide whether the state has proven beyond a reasonable doubt all the essential elements of the lesser included offense of murder.
* * *
If you find that the state failed to prove beyond a reasonable doubt anyone of the essential elements of the offense of murder, your verdict must be not guilty as to the offense of murder, but you shall continue to deliberate as to the charge of the lesser included offense of voluntary manslaughter. (Emphasis added.)
* * *
Ladies and gentlemen, you will take back to the jury room three verdict forms. One is count one aggravated murder. It reads as follows: We, the jury in this case, being duly impaneled and sworn, do find the defendant Reginald Evans. There is a blank space. You insert either guilty or not guilty of aggravated murder * * *. There is a signature line for all twelve jurors.
In order for you to have reached a verdict, all twelve must bein agreement, obviously.
* * *
* * * there is a separate verdict form for the lesser included offense of murder and there is a lesser included from [sic] for the offense of voluntary manslaughter.
Tr. 854-857, 867-868.
 {¶ 29} Contrary to defendant's argument, the court's instructions, considered as a totality, do not require unanimous acquittal on a
 {¶ 30} greater crime before the jury can consider a lesser included offense. Rather, the subject instructions incorporate the preferred "inability to agree" language discussed in Thomas, supra., at 220. Accordingly, we find no error in the trial court's instructions.
 {¶ 31} Absent any error in the court's instructions appellate counsel was not ineffective for failing to raise what would have been a meritless issue in Evans I.
 {¶ 32} For all the foregoing reasons, defendant has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Moreover, we conclude that the outcome of the trial clearly would not have been otherwise.
 {¶ 33} Because defendant has failed to raise a genuine issue as to whether he was deprived of the effective assistance of appellate counsel, as required under App.R. 26(B)(5), his Application to Reo
 {¶ 34} pen is denied. See, State v. Spivey, 84 Ohio St.3d 24, 25,1998-Ohio-704, 701 N.E.2d 696.
Judgment accordingly.
Gallagher, J., concurs.
Calabrese, Jr., J., concurs.
[1] Evans I was defendant's direct appeal to this court after he was convicted in the trial court. A full recitation of the facts and law applicable to the case sub judice is included in the opinion of that case and will not, therefore, be repeated here.
[2] Originally, defendant was indicted for one count of aggravated murder, in violation of R.C. 2903.01(A), with a three-year firearm specification.