JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Reginald Evans ("defendant"), appeals from an order of the trial court that denied his petition for postconviction relief. He claims that the trial court violated his due process rights and deprived him of effective assistance of counsel when it overruled his petition without a hearing and found that it was barred by the doctrine of res judicata. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following: On January 9, 2001, defendant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A), with a three-year firearm specification. The case proceeded to a jury trial and defendant was found guilty of the lesser offense of murder with a three-year firearm specification. Defendant received a term of 15 years to life on the murder charge with a consecutive three-year term on the firearm specification.
 {¶ 3} Defendant appealed his conviction to this Court and raised five assignments of error, one of which is important for our purposes here. Specifically, in his fourth assignment of error, defendant argued that his constitutional right to counsel had been violated when his trial counsel failed to recall two witnesses (Cheryl Carnegie and Anthony Harper) to corroborate his testimony that the victim had a propensity for violence and knew that he was armed at the time of the shooting.
 {¶ 4} While his direct appeal was pending, defendant also filed a petition for postconviction relief under R.C. 2953.21, alleging the same failures by trial counsel, as well as the failure to call a witness (Nicole Jennings) and introduce police reports that corroborated his testimony that the victim was violent.
 {¶ 5} In support of his petition before the trial court, defendant attached copies of police reports showing that the victim had been engaged in fights and an affidavit in which he states that he asked his trial counsel to subpoena Nicole, a Cleveland police officer, so that she could testify about the victim's acts of aggressions towards him and Cheryl Carnegie. Defendant also attached a copy of a deposition with Nicole in which she described the victim's propensity for violence. Finally, defendant attached the affidavit of Kelvin Ford, an investigator with the Public Defender. Ford's affidavit states that he had spoken to Nicole, who told him that she witnessed two physical confrontations between the victim and Cheryl and that the victim had pushed her as well. He also stated that Nicole was unwilling to sign an affidavit.
 {¶ 6} While that petition was pending, in May 2002, this Court affirmed defendant's conviction and sentence. See State v.Evans, Cuyahoga App. No. 79895, 2002-Ohio-2610 ("Evans I"). In affirming the conviction, this Court rejected defendant's assertion that his right to counsel had been violated.
 {¶ 7} Defendant sought further review in the Supreme Court but jurisdiction was denied. See State v. Evans (2002),96 Ohio St.3d 1524, 2002-Ohio-5099. Defendant then sought to re-open his direct appeal with this Court but his application was denied. SeeState v. Evans, Cuyahoga App. No. 79895, 2005-Ohio-5683 ("Evans II").
 {¶ 8} On August 17, 2005, the trial court denied defendant's petition for postconviction relief without hearing, finding that it was barred by res judicata. Defendant appeals from this order and raises two assignments of error, which shall be addressed together because they both deal with the dismissal of his motion for postconviction relief:
 {¶ 9} "I. The trial court erred in denying Mr. Evans's petition for postconvition relief without conducting an evidentiary hearing, because Mr. Evans demonstrated substantive grounds for relief, i.e., that he was deprived of his State and Federal Constitutional rights to a fair trial and to the effective assistance of counsel, as guaranteed by the Fifth,Sixth and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.
 {¶ 10} "II. Mr. Evans was deprived of his right to the effective assistance of trial counsel, in contravention of theSixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution."
 {¶ 11} In these assignments of error, defendant argues that the trial court erred in denying his motion for postconviction relief without first conducting an evidentiary hearing because he was denied his constitutional right to the effective assistance of counsel. Specifically, defendant claims that his trial counsel erred by (1) failing to recall Cheryl and Anthony to corroborate his testimony that the victim had a propensity for violence and knew that he was armed at the time of the shooting, (2) failing to call Nicole to testify about the victim's propensity for violence and (3) failing to introduce police reports that demonstrated the victim's propensity for violence. Defendant argues that the affidavits attached to his petition presented sufficient evidence outside the record to bar the application of res judicata and to justify a hearing. We disagree.
 {¶ 12} A criminal defendant challenging his conviction through a motion for postconviction relief is not automatically entitled to an evidentiary hearing. State v. Hicks, Butler App. No. CA2004-07-170, 2005-Ohio-1237. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's motion for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. Id.
 {¶ 13} A trial court may also dismiss a motion for postconviction relief without an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175. Res judicata is applicable in all postconviction relief proceedings. Id.
 {¶ 14} Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Statev. Reynolds (1997), 79 Ohio St.3d 158, 161, 1997-Ohio-304. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record. State v. Cole (1982), 2 Ohio St.3d 112; State v.Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 15} Here, defendant contends that he set forth sufficient operative facts to support his ineffective assistance of counsel claims, thereby warranting an evidentiary hearing. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 16} Here, the trial court found that defendant's post-conviction right to counsel claims were identical to those raised in his direct appeal. Therefore, in order to avoid dismissal on res judicata grounds, defendant's burden was to set forth sufficient operative facts to establish grounds for relief and to do so based on evidence outside the record. Defendant presented police records to show that the victim had a propensity towards violence and a transcript of testimony offered by Nicole Jennings to show that the victim had a propensity towards violence.
While this evidence is outside the record, it is insufficient to demonstrate the need for an evidentiary hearing. Even if we were to accept as fact the evidence presented by defendant, it would not have been admissible at the trial. Specifically, corroborating evidence concerning specific instances of a victims' violent character should be excluded by a trial court. See State v. Spinks (1992), 79 Ohio App.3d 720, 730; State v.Fitch, Cuyahoga App. No. 79937, 2002-Ohio-4891; State v. Banks
(June 15, 2000), Cuyahoga App. No. 76271. Indeed, in affirming defendant's conviction, this Court specifically found as such and determined that defendant suffered no prejudice from his trial counsel's failure to recall Cheryl and Anthony. See Evans I,
supra at 24-28. The "evidence" of the police reports and Nicole's testimony about the victim clearly would have fell within this limitation and would have been properly excluded by the trial court. See Ibid.
 {¶ 17} Accordingly, defendant's motion for post-conviction relief presented no evidence that could have altered this Court's finding on appeal that defendant suffered no prejudice from his trial counsel's failure to recall two witnesses or call a potential witness or produce police records. Therefore, the trial court properly denied defendant's motion for postconviction relief, and we overrule defendant's two assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, A.J., and Anthony O. Calabrese, Jr., J., concur.