[Cite as *State v. Evans*, 2011-Ohio-2153.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95692**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REGINALD EVANS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED; REMANDED FOR CORRECTION
OF SENTENCING ENTRY

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-400717

**BEFORE:** Blackmon, P.J., Boyle, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

**APPELLANT**

Reginald Evans, Pro se
Inmate No. 406-977
Allen Correctional Institution
2338 North West Street
Lima, Ohio 45802-4501


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Kristen L. Sobieski
Assistant County Prosecutor
Justice Center 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Reginald Evans ("Evans") appeals pro se the trial court's denial of his motion to vacate his sentence and assigns the following error for our review:

> **"The trial court erred as a matter of law in refusing to vacate the void sentence in this case."**

**{¶ 2}** Having reviewed the record and pertinent law, we affirm the trial court's decision but remand for the trial court to correct the journal entry. The apposite facts follow.

### Facts

**{¶ 3}** On January 9, 2001, Evans was charged with one count of aggravated murder with a three-year firearm specification. Evans exercised his right to a jury trial, and on May 29, 2001, the jury found Evans guilty of the lesser offense of murder with a three-year firearm specification. The trial court sentenced Evans to 15 years to life with a consecutive sentence of three years for the firearm specification.

**{¶ 4}** Evans filed a direct appeal, and we affirmed his conviction and sentence. *State v. Evans*, Cuyahoga App. No. 79895, 2002-Ohio-2610. In addition to filing an appeal, Evans also filed a petition for postconviction relief, which the trial court denied. Evans appealed, and we affirmed the trial court's decision. *State v. Evans*, Cuyahoga App. No. 87017, 2006-Ohio-3490.

**{¶ 5}** On July 21, 2010, Evans filed a "motion to vacate void sentence" in which he argued the trial court erred by imposing postrelease control, rendering his entire sentence void. The trial court denied the motion. Evans now appeals the trial court's denial of the motion.

### Postrelease Control

{¶ 6} In his sole assigned error, Evans argues the trial court's imposition of postrelease control for murder was not authorized pursuant to R.C. 2967.28; therefore, he claims his entire sentence is void, and he has a right to a new sentencing hearing.

{¶ 7} Evans was convicted of murder with a firearm specification. Murder is not a classified felony; it is a special felony subject to a sentence of life imprisonment with parole eligibility after 15 years. Thus, the postrelease control statute does not apply to a murder conviction. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶36; R.C. 2967.28. R.C. 2967.28(B) provides that postrelease control applies to "each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person."[1] Thus, the statute does not provide postrelease control for unclassified felonies. Instead of postrelease control, when an offender convicted of an unclassified felony is released from prison he or she is subject to parole. *Clark* at ¶36; R.C. 2967.13(A)(1).

---

[1]For lesser felonies, R.C. 2967.28(C) provides felonies of the third, fourth, or fifth degree that are not subject to section (B) receive a period of up to three years postrelease control.

{¶ 8} Here, the trial court imposed postrelease control on Evans without statutory authority to do so. Evans's murder conviction subjects him to parole not postrelease control. The query is what should be done to correct this error. This court has previously found in analogous situations (where defendant was convicted of murder and postrelease control was imposed) that the proper remedy for such error was not to find the sentence void and remand for resentencing, because the defendant, pursuant to the statute, is not subject to postrelease control. *State v. McIntosh*, Cuyahoga App. No. 93714, 2010-Ohio-6471; *State v. Rolling*, Cuyahoga App. No. 95473, 2011-Ohio-121; *State v. McCree,* Cuyahoga App. No. 87951, 2007-Ohio-268; *State v. Austin*, Cuyahoga App. No. 93028, 2009-Ohio-6108. As this court in *Austin* explained:

> **"While this court has recently held that such broad language is insufficient to satisfy the statutory notification requirements when the defendant faces mandatory postrelease control, we find the instant case distinguishable because Austin does not face any term of postrelease control. See generally *State v. Siwik*, Cuyahoga App. No. 92341, 2009-Ohio-3896. Accordingly, we do not find that the sentencing entry is void because it limits postrelease control to what is authorized under R.C.**

**2967.28 and, therefore, does not actually impose any term**

**of postrelease control."** Id. at ¶7.

{¶ 9} Likewise, in the instant case, the trial court limited postrelease control to what is authorized under R.C. 2967.28 by stating in the sentencing entry: "Postrelease control is a part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28." Because R.C. 2967.28 does not provide for postrelease control for special felonies, no postrelease control was imposed. Thus, while the discussion of postrelease control in the sentencing entry was incorrect, it did not render Evans's sentence void. Consequently our approach is to remand the matter for the trial court to correct the sentencing entry to eliminate the postrelease control language.

{¶ 10} We acknowledge that other districts have held that the imposition of postrelease control as part of the special felony sentence voids the entire sentence and have ordered the case remanded for resentencing. *State v. Crockett*, 7th Dist. No. 07-MA-233, 2009-Ohio-2894; *State v. Long*, 1st Dist. No. C-100285, 2010-Ohio-6115. However, given the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, these cases are no longer good law. The *Fischer* court held that when postrelease control is not properly imposed only the postrelease control

part of the sentence is void, not the entire sentence. Accordingly, Evans's sole assigned error is overruled and judgment is affirmed.

{¶ 11} However, we remand the case to the trial court to correct the journal entry to eliminate any reference to postrelease control.

Furthermore, it is ordered that appellee recover of appellant its costs herein taxed.

This court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MARY J. BOYLE, J., and
EILEEN A. GALLAGHER, J., CONCUR