[Cite as *State v. Lawrence*, **2011-Ohio-5813.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                        :          C.A. CASE NO.    24513

v.                                                :          T.C. NO.    01CR459

PHILLIP H. LAWRENCE                               :          (Criminal appeal from
                                                             Common Pleas Court)
    Defendant-Appellant                       :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of ____November____, 2011.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CARL G. GORALESKI, Atty. Reg. No. 0024351, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

PHILLIP H. LAWRENCE, #414996, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} On August 9, 2001, Phillip H. Lawrence was convicted by a jury of two counts of murder, each with a firearm specification. The trial court sentenced him to a term of 15 years to life on each murder conviction and to three years on each firearm specification. The two murder sentences were merged, as were the firearm specifications, for a sentence of 18 years to life. The judgment entry also provided that, with respect to both counts, Lawrence would be subject to a period of post-release control if he were released from prison. Lawrence timely appealed his conviction, and this Court affirmed. *State v. Lawrence*, Montgomery App. No. 19059, 2002-Ohio-5533.

{¶ 2} In October 2010, Lawrence filed a pro se "Motion to Vacate and Void Sentence With Full Allocution Rights and Law Entry." Lawrence argued that the judgment entry failed to comport with Crim.R. 32(C) because it failed to set forth his plea and, thus, the entry was not a final appealable order. He further argued that the imposition of post-release control was contrary to law and rendered the judgment void. The trial court overruled that motion without a hearing, stating that the improper imposition of post-release control did not render the judgment void and that the verdict had been properly included in the judgment entry, as required by Crim.R. 32(C). Lawrence appealed from the trial court's order. *State v. Lawrence*, Montgomery App. No. 24389. That appeal was subsequently dismissed.

{¶ 3} On February 1, 2011, Lawrence was brought before the trial court "for re-sentencing." At this re-sentencing hearing, the prosecutor informed the trial court that "we're here today to simply correct that the defendant will be on parole, not PRC, upon his release from prison." The court reiterated Lawrence's sentence, told him that he was to submit a DNA specimen, found him ineligible for shock incarceration or intensive prison

program, and informed him that he would be subject to parole upon his release from prison. The following day, the trial court filed a "Nunc Pro Tunc Termination Entry" consistent with the re-sentencing hearing, including that Lawrence would be on parole, not post-release control, following his release. Lawrence appeals from the revised judgment entry.

{¶ 4} Lawrence's counsel has filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493, stating that after a thorough review of the record, no meritorious issues for appellate review were found. Lawrence was informed of his counsel's brief, and he was granted time in order to file a pro se brief. No pro se brief has been filed. We have conducted an independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 5} In his brief, appellate counsel does not raise any potential assignments of error. Based on our review of the record, the issues before us are limited to whether the trial court was correct in changing the judgment entry to reflect parole, rather than post-release control, and whether there was any arguable error in the trial court's re-sentencing hearing.

{¶ 6} We find no arguable error in the trial court's imposition of parole supervision, rather than post-release control. In 2001, Lawrence was convicted and sentenced for murder, with a firearm specification; his sentence was life imprisonment, although he was eligible for release after 18 years. Under R.C. 2901.02, murder is an unclassified felony. The post-release control statute (R.C. 2967.28) does not apply to those convicted of unclassified felonies. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶36; R.C. 2967.28. Instead, when a person convicted of an unclassified felony is released from prison, that person is subject to parole. Id.; R.C. 2967.13(A)(1). Based on Lawrence's

conviction for an unclassified felony, the trial court properly revised Lawrence's judgment entry to reflect that he would be subject to parole if he were released from prison.

{¶ 7} In addition, we find no potentially meritorious issues based on the trial court's handling of Lawrence's re-sentencing. A sentencing entry which incorrectly imposes post-release control does not render the entire sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26. Rather, only that portion of the judgment which improperly imposes post-release control is void. Id.; *State v. Evans*, Cuyahoga App. No. 95692, 2011-Ohio-2153, ¶8-9. Thus, under *Fischer*, the portion of Lawrence's judgment entry improperly imposing post-release control was void, and the remainder of his sentence was valid. *Fischer* at ¶29. See, also, *Evans*, supra.

{¶ 8} The Supreme Court has held that, where the trial court improperly imposes post-release control, the new sentencing hearing is limited to the proper imposition of post-release control. *Fischer* at ¶29. We note, however, that whereas R.C. 2929.19 requires a trial court to properly notify a defendant that he or she will be subject to post-release control, there is no similar requirement in R.C. 2929.19 to notify a defendant regarding parole supervision. We find no other authority that required the trial court to inform Lawrence that he would be subject to parole supervision if he were released from prison. Accordingly, it is questionable whether the trial court was required to hold a re-sentencing hearing to notify Lawrence that he was subject to parole, rather than post-release control, upon his release.

{¶ 9} Even assuming that a re-sentencing hearing was required, Lawrence was brought before the trial court for re-sentencing for the limited purpose of informing him that

he would be subject to parole, not post-release control, if he were released from prison. No other change to Lawrence's sentence was made; Lawrence was informed of and received the same sentence that had been previously imposed in 2001. The trial court's revised judgment entry (with one paragraph regarding post-release control crossed-out) reflected that Lawrence's sentence included parole supervision if he were released, and the entry was otherwise the same as the 2001 judgment entry. Accordingly, we find no issue with arguable merit arising from the trial court's re-sentencing hearing.

{¶ 10} Having conducted an independent review of the record, in addition to the brief filed by appellant's counsel, we find this appeal to be wholly frivolous. There are no meritorious issues for appeal.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Carl G. Goraleski
Phillip H. Lawrence
Hon. Gregory F. Singer