[Cite as *State v. Lofton*, 2012-Ohio-2274.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

State of Ohio,                          :

      Plaintiff-Appellee.          :        Case No: 11CA16

      v.                            :

                                    :        <u>DECISION AND</u>
Harrison S. Lofton IV,                 :        <u>JUDGMENT ENTRY</u>

      Defendant-Appellant.        :        Filed:  May 18, 2012

---

<u>APPEARANCES:</u>

Harrison S. Lofton IV, Toledo, Ohio, pro se, Appellant.

Judy C. Wolford, Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

---

Kline, J.:

{¶1}  Harrison S. Lofton IV (hereinafter "Lofton") appeals the judgment of the Pickaway County Court of Common Pleas, which denied his motion for resentencing. On appeal, Lofton claims that the trial court erred in imposing postrelease control.  As a result, Lofton argues that he is entitled to a de novo sentencing hearing.  Because Lofton was convicted of an unclassified felony, we agree that the trial court erred in imposing postrelease control.  We disagree, however, that Lofton is entitled to a de novo sentencing hearing.  Accordingly, we affirm the judgment of the trial court.

I.

{¶2}  After pleading guilty, Lofton was convicted of murder with a firearm specification.  The trial court imposed fifteen years to life for the murder count, one year

for the firearm specification, and a five-year period of post release control.  Significantly, Lofton's January 18, 2006 Entry of Sentence on Change of Plea states that the trial court "notified the defendant that he will be subject to a period of post release control of Five (5) years, to be imposed by the Parole Board after his release from imprisonment, as well as the consequences for violating conditions of post release control[.]"

{¶3}  On June 9, 2011, Lofton filed a Motion for Resentencing.  Lofton argued that the trial court erred by failing to "inform the defendant that he could be returned to prison for up to one-half his originally stated term for violating his post-release control[.]" *Id.*  As a result, Lofton claimed that his "sentence is void, requiring [the trial court] to convey him back before it to be resentenced."  *Id.*

{¶4}  In a June 13, 2011 Decision and Entry, the trial court denied Lofton's Motion for Resentencing.

{¶5}  Lofton appeals and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED BY FAILING TO FOLLOW statutory mandates on sentencing; to wit : properly notifying the defendant of Post Release Control guidelines and violations at his/her sentencing hearing."  And, II. "THE TRIAL COURT ERRED BY DENYING defendant-appellant's motion for Resentencing, filed with the Court of Common Pleas of Pickaway County, on or about June 9, of 2011."

II.

{¶6}  We will review Lofton's assignments of error together.  Essentially, Lofton claims that the trial court erred in imposing postrelease control.  As a result, Lofton argues that he is entitled to a de novo sentencing hearing.

{¶7}  To resolve Lofton's appeal, we must interpret and apply the statutes related to postrelease control and parole.  Thus, our review is de novo.  *See State v. Jenkins*, 4th Dist. No. 10CA3389, 2011-Ohio-6924, ¶ 9.

{¶8}  Here, Lofton was convicted of murder, "which is an unclassified felony to which the post-release control statute does not apply."  *State v. Silguero*, 10th Dist. No. 11AP-274, 2011-Ohio-6293, ¶ 8, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 10.  "Instead of postrelease control, when an offender convicted of an unclassified felony is released from prison he or she is subject to parole."  *State v. Evans*, 8th Dist. No. 95692, 2011-Ohio-2153, ¶ 7, citing *Clark* at ¶ 36; R.C. 2967.13(A)(1).  Therefore, the trial court erred when it imposed postrelease control.  *See Silguero* at ¶ 8.  This error does not, however, entitle Lofton to a de novo sentencing hearing.

{¶9}  When confronted with a similar issue, the Tenth Appellate District held the following:

> In the case sub judice, the trial court included post-release control language in appellant's sentence even though appellant was convicted of murder, an unclassified felony. Pursuant to [*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332], and also *Evans* and [*State v. Lawrence*, 2d Dist. No. 24513, 2011-Ohio-5813], it is clear that this does not render appellant's entire sentence void,

nor does it require a de novo sentencing hearing. *Silguero* at ¶ 16.

**{¶10}** We agree with the Tenth Appellate District and apply the reasoning of *Silguero* to the present case. "The *Fischer* court held that when postrelease control is not properly imposed only the postrelease control part of the sentence is void, not the entire sentence." *Evans* at ¶ 10. And although "a trial court is required to notify a defendant that he or she will be subject to post-release control, there is no similar requirement that a trial court notify a defendant about parole supervision." *Silguero* at ¶ 15, citing *Lawrence* at ¶ 8. Therefore, Lofton is not entitled to a de novo sentencing hearing. *Silguero* at ¶ 16. Instead, the proper remedy is "is to remand the matter for the trial court to correct the sentencing entry to eliminate the postrelease control language." *Evans* at ¶ 9.

**{¶11}** Accordingly, we find that the trial court erred by imposing postrelease control as part of Lofton's sentence. But the trial court's error does not entitle Lofton to a de novo sentencing hearing. Therefore, we affirm the trial court's June 13, 2011 Decision and Entry. However, we also remand this matter and instruct the trial court to correct the January 18, 2006 Entry of Sentence on Change of Plea by removing all references to postrelease control.

**CAUSE REMANDED WITH INSTRUCTIONS; JUDGMENT AFFIRMED.**

Harsha, J., Concurring in Part and Dissenting in Part:

{¶12} Although the majority concludes our decision "affirms" the trial court's judgment (in toto), see ¶¶1 and 11, I believe we are affirming in part and reversing and remanding in part. Our decision concludes the trial court erred in imposing postrelease control and it remands with instructions to correct this error. Therefore, I cannot concur in a judgment that simply "affirms" the trial court's judgment.

## JUDGMENT ENTRY

It is ordered that THIS CAUSE BE REMANDED WITH INSTRUCTIONS and that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Harsha, J.:     Concurs in Part and Dissents in Part with Opinion.

For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**