[Cite as *State v. Opalach*, 2014-Ohio-5037.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100938**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT A. OPALACH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-03-444151-ZA

**BEFORE:** Stewart, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 13, 2014

**FOR APPELLANT**

Robert A. Opalach, pro se
Inmate No. 473-135
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In September 2004, a jury found Robert Opalach guilty of murder and felonious assault in connection with the death of his live-in girlfriend. The court merged the felonious assault with the murder and on September 30, 2004, sentenced Opalach to 15 years to life in prison. The journal entry stated that postrelease control was part of the prison sentence for the maximum period allowed for the above felony. However, Opalach was never advised at sentencing that he would be subject to postrelease control, nor should he have been.

{¶2} Opalach timely appealed his convictions, and this court affirmed. *State v. Opalach*, 8th Dist. Cuyahoga No. 85540, 2005-Ohio-5563. The Ohio Supreme Court denied Opalach's discretionary appeal. *State v. Opalach*, 108 Ohio St.3d 1511, 2006-Ohio-1329, 844 N.E.2d 856. Opalach filed no collateral attacks and made no attempt to contest his sentence prior to May 11, 2013, when he filed a pro se motion captioned "Motion to Set Aside/Vacate or in the Alternative Resentence him on an Otherwise void sentence." In his motion, Opalach argued that the judgment entry memorializing his sentence did not comply with the sentencing requirements of the postrelease control statute, R.C. 2967.28(B)(2). He argued that the court failed to comply with the statute by ordering postrelease control without first advising him at sentencing of the same.

{¶3} The trial court granted Opalach's request for resentencing and assigned a public defender to represent him. At the resentencing on December 13, 2013, the court advised Opalach of parole and journalized the resentencing. It is from this order that Opalach appeals.

{¶4} Opalach does not take issue with anything that happened during resentencing, he instead raises two assignments of error related to his trial: that trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of involuntary manslaughter,

and that counsel was ineffective for failing to use the funds provided by the state for an independent evaluation of the evidence by a forensic pathologist. Opalach argues that he is able to raise these assigned errors — even though he did not timely assert them in his direct appeal— because the resentencing that occurred in December 2013 was a de novo resentencing that entitles him to raise new assignments of error not previously litigated on appeal or through other collateral attacks. We disagree.

{¶5} We first note that the postrelease control statute, R.C. 2967.28, does not apply to unclassified felonies. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. In Ohio, murder is an unclassified felony because it is not categorized by degree, rather the law allows for the specific penalty of life imprisonment with parole eligibility after 15 years. Accordingly, the postrelease control statute does not apply to murder, so Opalach should not have been advised of postrelease control. *State v. Evans*, 8th Dist. Cuyahoga No. 95692, 2011-Ohio-2153, ¶ 8-9. Instead, Opalach would be subject to parole supervision if released from prison. *Evans* at ¶ 7.

{¶6} Opalach was not, nor should he have been, advised of postrelease control at his original sentencing. But because the journal entry included postrelease control, the trial court attempted to correct this error by granting Opalach's request for resentencing and advising him of parole.

{¶7} Although the trial court properly notified Opalach of parole instead of postrelease control at the December resentencing, conducting the resentencing was unnecessary. As previously mentioned, there is no statutory requirement that a defendant be advised of parole supervision when convicted of an unclassified felony that carries an indefinite prison term. *See State v. Lawrence*, 2d Dist. Montgomery No. 24513, 2011-Ohio-5813, ¶ 8; R.C. 2929.19.

Accordingly, the trial court did not need to resentence Opalach. The court could have simply corrected the sentencing entry by eliminating any reference to postrelease control. *Evans* at ¶ 10.

**{¶8}** Furthermore, a sentencing entry that incorrectly imposes postrelease control does not render the entire sentence void. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. Only that portion of the judgment that improperly imposes postrelease control is void. *Id.*; *Evans*, 8th Dist. Cuyahoga No. 95692, 2011-Ohio-2153, ¶ 8-9. Without explanation, however, Opalach's assignments of error seem to presuppose that the December 13, 2013 resentencing created a new judgment of conviction that, in turn, created a new final appealable order that would permit him to raise issues not previously raised on direct appeal. The resentencing did no such thing.

**{¶9}** Opalach was resentenced for the limited purpose of informing him that he would be subject to parole, not postrelease control, if he were ever released from prison. No other changes to his sentence were made. The trial court's revised December 2013 judgment entry reflected that Opalach's sentence included parole supervision if he were released. The entry was otherwise the same as the September 30, 2004 judgment entry. In fact, the December 2013 judgment entry specifically declined to find the earlier September 30, 2004 sentencing entry void. Accordingly, Opalach's resentencing did not entitle him to raise new assignments of error not previously argued on direct appeal. *Fischer* at ¶ 40. Res judicata bars those issues that could have been raised on direct appeal or through collateral attacks. *Fischer* at ¶ 40 (holding that, "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and

the lawful elements of the ensuing sentence.").   Because Opalach asserts no issues arising from the resentencing, his two assignments of error are overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR