[Cite as *State v. Hibbler*, 2019-Ohio-3689.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2001-CR-81 |
| | : | |
| JOHN HIBBLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JOHN HIBBLER, #A411-907, P.O. Box 209, Orient, Ohio 43146
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

**{¶ 1}** John Hibbler appeals from an "amended nunc pro tunc judgment entry of conviction" that was filed to correct in the imposition of post-release control in this case (Clark C.P. No. 2001-CR-81) and in Clark C.P. No. 2000-CR-636. For the following reasons, the trial court's imposition of post-release control in this case will be reversed, and the matter will be remanded for resentencing in this case on post-release control only. In all other respects, the trial court's judgment will be affirmed.

### I. Procedural History

**{¶ 2}** In April 2001, Hibbler was found guilty by a jury of felony murder with a firearm specification, a first-degree felony (Case No. 2000-CR-636) and of attempted aggravated burglary with a firearm specification and improper discharge of a firearm at or into a habitation, both second-degree felonies (Case No. 2001-CR-81). The two cases were consolidated prior to trial.[1]

**{¶ 3}** At a combined sentencing hearing, the court sentenced Hibbler to 15 years to life in prison for the murder, plus an additional three years for the firearm specification. The court further imposed eight years on each second-degree felony, plus an additional three years for the firearm specification. The court merged the firearm specifications and ordered the sentences to be consecutively for an aggregate term of 34 years to life in prison. For each offense, the trial court imposed "up to a maximum of five years" of mandatory post-release control. The trial court filed separate judgment entries in the two cases.

**{¶ 4}** On August 8, 2018, Hibbler filed a "motion to vacate and set aside a

---

[1] All of the charges arose from a single incident on October 20, 2000.

statutorily void sentence" in both cases.[2]   With respect to Case No. 2001-CR-81, he asserted that his offenses were subject to three years of post-release control and that the court's imposition of "up to five years" of post-release control was void.   Hibbler asked that the court's 2001 order of post-release control be vacated and that he be resentenced. On the same date (August 8), Hibbler filed a motion to revise and/or correct his judgment entry in Case No. 2001-CR-81, claiming that the trial court had not imposed a final appealable order.   The motion also asserted, again, that the court erred in ordering up to five years of post-release control.

{¶ 5} On November 30, 2018, the trial court resolved both motions.   The court denied the motion to vacate the judgment as void ab initio, but granted the motion to amend the judgment.   The court agreed that it had erred in the imposition of post-release control.   The court ordered that the judgment be amended to read "post release control is mandatory in this case [2001-CR-81] for a period of three years."

{¶ 6} On February 20, 2019, the trial court filed an "amended nunc pro tunc judgment entry of conviction" addressing both cases (2000-CR-636 and 2001-CR-81). The entry added language indicating that Hibbler had been found guilty by a jury after a jury trial in both cases and modified the language regarding post-release control to read:

> The Court has further notified the defendant that post release control
>
> is mandatory in case 00-CR-0081 [sic] for a period of three years.   In the
>
> event the defendant should violate any term or condition of post release

---

[2] Because Hibbler's notice of appeal cited only Case No. 2001-CR-81, the record in Case No. 2000-CR-636 is not before us, and the filings in Case No. 2000-CR-636 are not publicly available online.   Hibbler's appellate brief suggests that the motions in the two cases were substantially similar.

control, the post release control sanction could be extended to a maximum term of up to eight (8) years and a sentence could be imposed not to exceed nine (9) months for each violation where the total sentence for post release control violations cannot exceed one half of the total prison sentence imposed herein. Further, for any violation constituting a felony criminal offense, the defendant could receive an additional prison sentence in this case for that violation for one (1) year or the time left on the post release control whichever is greater, and that the same would be consecutive to the new felony sentence. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control.

Post release control is not applicable to case 00-CR-0636. Any release prior to serving the life sentence would be subject to the parole laws of this State.

{¶ 7} On March 4, 2019, the trial court filed another "amended nunc pro tunc judgment entry of conviction," which appears to be identical to the February 20, 2019 judgment entry.

{¶ 8} Hibbler appeals from the trial court's February 20, 2019 ruling as to Case No. 2001-CR-81. He did not file a notice of appeal in Case No. 2000-CR-636.

## II. Amendment of Post-Release Control Obligation

{¶ 9} Hibbler raises two assignments of error on appeal, which state:

1. Does the trial court violate Crim.R. 43(A), or have jurisdiction to resentence the Defendant-Appellant John T. Hibbler, via Amended Nunc

Pro Tunc Entry in case no. 01CR81, for the purpose of removing a mandatory up to 5 years post-release control sentence, regarding §2903.02(B) Felony Murder in a different case, i.e. 00CR-636, when the Appellant was sentenced in open court to up to 5 years in case no. 00CR636?

2. The trial court erred in amending the original sentencing entry from mandatory up to 5 years PRC to 3 years PRC in case no. 01CR-81, via Amended nunc pro tunc without conducting a resentencing hearing at which defendant-appellant had a right to be present, in violation of Crim.R. 43(A), and *State v. Beasley*, 2018 Ohio 493.

We will address these assignments of error together.

**{¶ 10}** "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense. R.C. 2967.28(B) and (C). For a felony of the second degree that is not a felony sex offense, the required term of post-release control is three years. R.C. 2967.28(B).

**{¶ 11}** Individuals convicted of unclassified felonies, such as murder, are not subject to post-release control. *See, e.g., McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 3; *State v. Lawrence*, 2d Dist. Montgomery No. 24513, 2011-Ohio-5813, ¶ 6. Instead, when a person convicted of an unclassified felony is released from prison, that person is subject to parole. *State v. Clark*, 119 Ohio St.3d

239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; R.C. 2967.13.

**{¶ 12}** If a defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. It is well-established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27. However, res judicata still applies to all other aspects of a conviction, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 40; *Boyd v. State*, 2d Dist. Montgomery No. 27553, 2018-Ohio-108, ¶ 33.

**{¶ 13}** Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *Holdcroft* at paragraph three of the syllabus. This is true even if the defendant remains incarcerated on other charges. *Id.* at ¶ 18.

**{¶ 14}** Under *Fischer*, the portions of Hibbler's original judgment entries that improperly imposed "up to a maximum of five years" of post-release control were void, and the remainder of his sentences was valid. The trial court chose to address deficiencies in the original judgment entries by issuing an amended nunc pro tunc

judgment entry that addressed Case Nos. 2000-CR-636 and 2001-CR-81 together. Although the trial court originally issued separate judgment entries for each case, nothing precluded the trial court from filing an amended judgment entry addressing both cases together.

{¶ 15} Under the facts before us, the trial court did not err in removing the erroneous post-release control requirement in Case No. 2000-CR-636 (murder) through the February 20, 2019 "amended nunc pro tunc judgment entry" without a resentencing hearing. *See, e.g., State v. Ortiz*, 2016-Ohio-4813, 68 N.E.3d 188, ¶ 13 (7th Dist.); *State v. Brister*, 5th Dist. Guernsey No. 13 CA 21, 2013-Ohio-5874, ¶ 19. As the Supreme Court recently explained in a case also involving the removal of the post-release control sanction for a murder defendant by means of a nunc pro tunc judgment entry:

> The fact that [the trial judge] deleted a punishment [post-release control] distinguishes this case from cases in which punishment was *added*; in the latter situation, trial courts must hold a de novo resentencing hearing on the additional portion of the sentence. * * *
>
> But no resentencing hearing was required in the situation here, because the trial court simply deleted a postrelease-control provision that should not have been included in the initial sentence entry. * * *

(Emphasis sic.) *State ex rel. Roberts v. Marsh*, 156 Ohio St.3d 440, 2019-Ohio-1569, 128 N.E.3d 222, ¶ 10-11.

{¶ 16} As with *Roberts*, the trial court in this case simply removed the post-release control obligation for the murder conviction that should not have been imposed at the original sentencing. Moreover, because the trial court was under no obligation to notify

Hibbler about parole supervision, the trial court was not required to hold a resentencing hearing to inform Hibbler about parole. *See, e.g., State v. Silguero,* 10th Dist. Franklin No. 11AP-274, 2011-Ohio-6293. Accordingly, the trial court did not err in deleting the post-release control obligation in Case No. 2000-CR-636 through the February 20, 2019 judgment entry.

{¶ 17} Hibbler's first assignment of error is overruled.

{¶ 18} The State agrees with Hibbler, however, that the trial court erred in imposing a three-year post-release control obligation in Case No. 2001-CR-81 (attempted aggravated burglary and improper discharge of a firearm) without a resentencing hearing.

{¶ 19} Crim.R. 43(A)(1) requires a defendant's physical presence at every stage of the criminal proceeding, including the imposition of sentence. It is well established that when post-release control is required but not properly imposed, the trial court must conduct a limited resentencing hearing to properly impose post-release control. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph two of the syllabus ("The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control.").

{¶ 20} "Crim.R. 36(A) permits trial courts to correct clerical mistakes in judgments or orders arising from oversight or omissions, using a nunc pro tunc entry." *State v. Roach*, 2d Dist. Montgomery No. 23317, 2010-Ohio-566, ¶ 3.

> The use of a nunc pro tunc entry is limited to reflecting what the court actually decided but failed to properly include in its judgment. Its sole function is to correct a clerical mistake in the execution of a ministerial act. " 'The term "clerical mistake" refers to a mistake or omission, mechanical in

nature and apparent on the record, which does not involve a legal decision or judgment.' " Therefore, " '[t]he function of nunc pro tunc [entries] is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.' " "A nunc pro tunc entry cannot be used to change something that was deliberately done."

(Citations omitted.) *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 11. Accordingly, "[t]he imposition of a criminal sentence, simply put, is not a clerical function subject to the use of a nunc pro tunc entry." *State v. Isa*, 2d Dist. Champaign Nos. 2017-CA-5 & 2017-CA-20, 2017-Ohio-8335, ¶ 26.

{¶ 21} We agree with Hibbler and the State that the trial court improperly used a nunc pro tunc entry to impose three years of post-release control for the attempted aggravated burglary and the improper discharge of a firearm at or into a habitation charges. We further agree that the proper remedy is to remand for a new sentencing hearing limited to the imposition of post-release control on those charges.

{¶ 22} Based on the record before us, it is unclear whether Hibbler will have completely served his sentences for attempted aggravated burglary and/or improper discharge of a firearm at or into a habitation prior to the new sentencing hearing. Nothing in this opinion precludes Hibbler from asserting, if appropriate, that the trial court no longer has authority to impose post-release control, in accordance with *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382.

{¶ 23} Hibbler's second assignment of error is sustained.

### III. Conclusion

{¶ 24} The trial court's imposition of post-release control in Case No. 2001-CR-81

will be reversed, and the matter is remanded for resentencing on post-release control only in that case.   In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
John Hibbler
Hon. Richard J. O'Neill