[Cite as *State v. Clement*, 2012-Ohio-3818.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97930

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REGINALD CLEMENT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-518986

**BEFORE:** Stewart, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Mary H. McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Reginald Clement appeals from an order that denied his motion for leave to file a joint motion for a new trial and postconviction relief. The court held that neither motion was timely: Clement did not seek leave to file a motion for a new trial within 120 days from his conviction as required by Civ.R. 33, nor did he seek postconviction relief within 180 days after the transcript was filed in his direct appeal. The court also found that Clement failed to make any showing that he had been unavoidably prevented from filing either motion within the allotted time. Clement's sole assignment of error contests the court's ruling.

I

{¶2} In February 2010, a jury found Clement guilty of aggravated murder, murder, aggravated robbery, kidnapping, and having a weapon while under disability. We affirmed the conviction on direct appeal. *See State v. Clement*, 8th Dist. No. 94869, 2011-Ohio-1555. We likewise denied Clement's motion to reopen his appeal. *See State v. Clement*, 8th Dist. No. 94869, 2011-Ohio-1555, reopening disallowed Motion No. 445587 (Feb. 12, 2012).

{¶3} On July 8, 2011, Clement filed a motion for leave to file a motion for a new trial or, in the alternative, a petition for postconviction relief. Both motions were premised on the affidavit of codefendant Demetrius Williams, who claimed that he had

been pressured by the prosecuting attorney to implicate Clement in the murder in exchange for not receiving the death penalty. Williams claimed that "I do now state that Reginald Clement had nothing to do with the murder * * *."

II

{¶4} Crim.R. 33(B) requires a motion for a new trial to be made within 14 days after a verdict is rendered. If a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after the day the verdict is rendered. *Id.* A defendant may file a motion for a new trial outside the 120-day deadline only by leave of court and only if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" *Id.*

{¶5} Clement's motion for leave to file a motion for a new trial was concededly outside the 120-day window established by Crim.R. 33(B). He thus had to establish by clear and convincing proof that he was unavoidably prevented from discovering Williams's recantation as a predicate for obtaining leave. The motion failed to offer proof of any kind to show why Clement had been unavoidably prevented from obtaining Williams's affidavit.

{¶6} Clement maintains that the 120-day window for obtaining leave did not begin to run until he obtained the affidavit. This argument is meritless — Crim.R. 33(B) makes clear that the time for seeking a new trial begins to run "within one hundred twenty days after the day upon which the verdict was rendered[.]" If that time has expired, the

movant can seek leave to file a motion for a new trial but must first establish to the court's satisfaction reasons showing why the motion was unavoidably delayed. Clement may not have obtained Williams's affidavit until May 6, 2011, but this says nothing about why it took Clement so long to obtain it or what caused the delay. It will not do to say, as Clement does in this appeal, that "Defendant certainly was unavoidably prevented from filing his motion at an earlier time because defendant did not have the affidavit from Demetrius Williams." *See* Appellant's Brief at 6. Crim.R. 33(B) requires an affirmative showing of the reasons justifying the delay. Clement offered none. The court did not abuse its discretion by finding that he failed to establish by clear and convincing evidence his entitlement to leave to file a motion for a new trial.

## III

**{¶7}** A petition for postconviction relief that claims a violation of a constitutional right must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). This time limitation is jurisdictional. *State v. Johns*, 8th Dist. No. 93226, 2010-Ohio-162, ¶ 8.

**{¶8}** An exception to the time limit exists if (1) it can be shown both that petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right; and (2) there is clear and convincing evidence that but for the constitutional

error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1).

**{¶9}** The transcript in Clement's direct appeal was filed on May 3, 2010. He filed the petition for postconviction relief on July 11, 2011. More than 180 days elapsed from the time his trial transcript was filed on direct appeal to the date of the petition for postconviction relief, so Clement's motion needed to demonstrate that he was "unavoidably prevented from discovering the facts relied on in the claim for relief."

**{¶10}** For the same reasons stated in our discussion of the motion for a new trial, the court did not err by finding that Clement failed to establish cause for filing his petition for postconviction relief outside the time limits established by R.C. 2953.23(A). Clement offered no basis of any kind to explain why he was unavoidably prevented from filing his petition for postconviction relief within 180 days after the trial transcript had been filed on direct appeal. The court thus had no jurisdiction to entertain the petition for postconviction relief.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

The defendant's conviction having been affirmed, any bail pending appeal is terminated.

Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
EILEEN A. GALLAGHER, J., CONCUR