[Cite as *State v. Shabazz*, 2013-Ohio-267.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   98601

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMIL ABDUL SHABAZZ

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-495551

**BEFORE:**   E.A. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    January 31, 2013

**FOR APPELLANT**

Jamil Abdul Shabazz, pro se
Inmate No. 541-031
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio   45802

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Jamil Adbul Shabazz appeals from the Cuyahoga County Court of Common Pleas' denial of his motion for a new trial. For the following reasons, we affirm.

{¶2} A brief account of appellant's lengthy history before this court is necessary. Appellant was indicted on April 26, 2007, charged with one count of aggravated murder with a three-year firearm specification, a notice of prior conviction and a repeat violent offender specification. Prior to the commencement of trial, appellant executed a jury waiver as to the notice of prior conviction and repeat violent offender specification.

{¶3} Appellant was found guilty of the lesser-included offense of murder as well as the attached three-year firearm specification by a jury verdict rendered on November 19, 2007. The trial court found appellant guilty of the notice of prior conviction and repeat violent offender specifications. Appellant was sentenced to a prison term of 15 years to life on the murder charge to run consecutively to a three-year prison term for the firearm specification.

{¶4} Appellant brought a direct appeal of his conviction in *State v. Shabazz Abdul*, 8th Dist. No. 90789, 2009-Ohio-225 ("*Shabazz I*"). Appellant asserted two assignments of error: ineffective assistance of counsel and the trial court's denial of his

Crim.R. 29 motion for acquittal. We rejected both assignments of error and affirmed the conviction.

{¶5} On May 7, 2009, appellant applied to reopen our judgment in *Shabazz I* based on a claim of ineffective assistance of appellate counsel. In *State v. Shabazz Abdul*, 8th Dist. No. 90789, 2009-Ohio-6300 ("*Shabazz II*"), we denied appellant's application.

{¶6} While *Abdul II* was pending, appellant filed a petition for post-conviction relief in the trial court. The state filed a motion for summary judgment, which was granted by the trial court. On appeal in *State v. Abdul Shabazz*, 8th Dist. No. 94738, 2010-Ohio-5789 ("*Shabazz III*"), appellant asserted seven assignments of error. We rejected all seven of appellant's errors and affirmed the judgment of the trial court.[1]

{¶7} On May 17, 2012, appellant filed the motion for a new trial that is the subject of the present appeal. The trial court denied appellant's motion in a journal entry dated May 24, 2012. Appellant appealed presenting four assignments of error. In his first and second assignments of error, appellant argues that his indictment was not presented to a grand jury and not signed by the foreman of a grand jury. In his third assignment of error, appellant argues that his due process rights were violated by the amendment of the indictment at trial to include lesser-included offenses. In his fourth

---

[1] Five of appellant's assignments of errors were rejected pursuant to the doctrine of res judicata.

assignment of error, appellant argues that he was prejudiced by the trial court's failure to present jury instructions on certain lesser-included offenses.

{¶8} Motions for a new trial are governed by the framework provided in Crim.R. 33. Crim.R. 33(B) requires a motion for a new trial to be made within 14 days after a verdict is rendered. If a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after the day the verdict is rendered. *Id.* A defendant may file a motion for a new trial outside the 120-day deadline only by leave of court and only if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" *Id.*

{¶9} Although not raised in appellant's motion for a new trial before the trial court, appellant now asserts that his motion is based on newly discovered evidence. However, none of appellant's assignments of error pertain to newly discovered evidence. Appellant did not seek leave of the court to file a motion for a new trial outside the Crim.R. 33(B) period and appellant's motion for a new trial is devoid of any newly discovered evidence. It is undisputed that appellant filed his motion for a new trial outside the 120-day window established by Crim.R. 33(B). In order to obtain leave to file his motion for a new trial, he had to establish, by clear and convincing proof, that he was unavoidably prevented from discovering new evidence. *State v. Clement*, 8th Dist. No. 97930, 2012-Ohio-3818, ¶ 4-5. As appellant's motion failed to offer proof of any

kind to show why he was unavoidably prevented from the discovery of any new evidence that would entitle him to a new trial, we cannot say that the trial court abused its discretion in denying his motion. *Id.* at ¶ 6.

{¶10} Even if appellant's motion was not time barred pursuant to Crim.R. 33(B), we note that appellant's assignments of error are also barred by the doctrine of res judicata. As stated by the Ohio Supreme Court, under the doctrine of res judicata

> a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967); *accord State v. Briscoe*, 8th Dist. No. 98414, 2012-Ohio-4943, ¶ 13.

{¶11} Each of appellant's assignments of error pertain to matters that were squarely within the record at the time of appellant's direct appeal. Because they were not raised on direct appeal, appellant is barred by the doctrine of res judicata from raising them in this subsequent action.

{¶12} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR