[Cite as *State v. Shabazz*, 2014-Ohio-3142.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100623

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## JAMIL A. SHABAZZ

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-495551-A

**BEFORE:** Keough, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**APPELLANT**

Jamil A. Shabazz, pro se
Inmate Number 541-031
Allen Correctional Institution
Lima, Ohio 45802

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Jamil A. Shabazz, appeals the trial court's decision denying his "motion for leave asking for a new trial." For the reasons that follow, we affirm.

{¶2} Shabazz has filed numerous appeals following his 2007 murder conviction. Most recently in *State v. Shabazz*, 8th Dist. Cuyahoga No. 98601, 2013-Ohio-267 ("*Shabazz IV* "), this court set forth the procedural history of his case and appeals.

> Appellant was indicted on April 26, 2007, charged with one count of aggravated murder with a three-year firearm specification, a notice of prior conviction and a repeat violent offender specification. Prior to the commencement of trial, appellant executed a jury waiver as to the notice of prior conviction and repeat violent offender specification.
>
> Appellant was found guilty of the lesser-included offense of murder as well as the attached three-year firearm specification by a jury verdict rendered on November 19, 2007. The trial court found appellant guilty of the notice of prior conviction and repeat violent offender specifications. Appellant was sentenced to a prison term of 15 years to life on the murder charge to run consecutively to a three-year prison term for the firearm specification.
>
> Appelant brought a direct appeal of his conviction in *State v. Shabazz Abdul*, 8th Dist. No. 90789, 2009-Ohio-225 ("*Shabazz I* "). Appellant asserted two assignments of error: ineffective assistance of counsel and the trial court's denial of his Crim.R. 29 motion for acquittal. We rejected both assignments of error and affirmed the conviction.

On May 7, 2009, appellant applied to reopen our judgment in *Shabazz I* based on a claim of ineffective assistance of appellate counsel. In *State v. Shabazz Abdul*, 8th Dist. No. 90789, 2009-Ohio-6300 ("*Shabazz II*"), we denied appellant's application.

While [*Shabazz*] *II* was pending, appellant filed a petition for post-conviction relief in the trial court. The state filed a motion for summary judgment, which was granted by the trial court. On appeal in *State v. Abdul Shabazz*, 8th Dist. No. 94738, 2010-Ohio-5789 ("*Shabazz III* "), appellant asserted seven assignments of error. We rejected all seven of appellant's errors and affirmed the judgment of the trial court.* * *

*Shabazz IV* at ¶ 2-6.

{¶3} In *Shabazz IV*, Shabazz appealed the trial court's 2012 denial of his motion for a new trial, setting forth four assignments of error pertaining to alleged procedural errors at the time of indictment and during trial, including the jury instructions and amending the indictment. *Id*. at ¶ 7.

{¶4} This court found that Shabazz's motion was not only time barred pursuant to Crim.R. 33, but also that his assignments of error were barred by the doctrine of res judicata because each of his assigned errors pertained to matters that could have been raised in his direct appeal. *Id*. at ¶ 10-11. We affirmed the trial court's judgment denying his motion for a new trial. *Id*. at ¶ 11-12.

{¶5} In September 2013, Shabazz moved the trial court for "leave asking for a new trial pursuant to Crim.R. 33(B)" contending that he recently received newly discovered evidence that was not available at trial. Based on this new evidence, Shabazz raised

various arguments in support of his motion, including (1) the prosecutor committed misconduct by withholding evidence and allowing perjured and hearsay testimony, and (2) he received ineffective assistance of counsel because his trial counsel proceeded with trial even though he had not received all discovery prior to trial. Specifically, Shabazz contends that the witness statements made by Dwayne Saunders, Theodore Carter, and William Green, and the journal entries of conviction depicting Green's criminal history were not given to defense; thus, the discovery rules were not complied with and the evidence demonstrates that the trial testimonies by these witnesses were improper.

{¶6} The trial court denied Shabazz's motion for leave for a new trial by summarily denying his motion for a new trial. Shabazz now appeals from this decision raising five assignments of error.

{¶7} In his first assignment of error, Shabazz contend that the trial court erred by denying his "motion for leave in accordance with Crim.R. 33 due to 52(B) plain error with memorandum of support to support this claims without cause." Reviewing the arguments made under his second, third, and fourth assignments of error, we find that Shabazz merely dissects the arguments raised under his first assignment of error and separately assigns them as errors.[1] Shabazz's fifth assignment of error is a "cumulative

---

[1]"Assignment of Error II. State violated the Due Process rights of Appellant by withholding evidence thus causing a extreme prejudice at trial that change the outcome of the case.
"Assignment of Error III. Prosecutorial misconduct by the State for allowing perjure testimony at trial by there alleged witnesses that cause a prejudice to severe to overcome at trial.
"Assignment of Error IV. Trial counsel violated the Sixth Amendment Constitutional rights of his client by trying the case without Criminal Rule #16, this act prejudice Appellant from not being afforded compotent counsel at trial." [sic.]

effect" doctrine argument.[2]   Accordingly, we will address all of his assignments of error together.

{¶8} In his assignments of error, Shabazz reasserts the arguments raised in his motion for a new trial filed with the trial court.   He contends that the state engaged in misconduct by failing to provide discovery, specifically, the witness statements of Saunders, Carter, and Green and also Green's criminal record.   Because the state did not provide discovery, he claims that his counsel was ineffective for going forward with trial without this evidence.

{¶9} Motions for a new trial are governed by the framework provided in Crim.R. 33.   Crim.R. 33(B) requires a motion for a new trial to be made within 14 days after a verdict is rendered.   If a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after the day the verdict is rendered. *Id*.   A defendant may file a motion for a new trial outside the 120-day deadline only by leave of court and only if "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" *Id*.   Because the 120-day deadline has expired, Shabazz needed leave to file his motion and establish, by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence. *State v. Clement*, 8th  Dist. Cuyahoga No. 97930, 2012-Ohio-3818, ¶ 4-5.

---

[2] "Assignment of Error V.   The State violated the Fourteenth Amendment rights of Defendant-Appellant due to the other four assignments of error, that cause prejudicial plain errors at trial."   [sic.]

{¶10} In this case, Shabazz maintains in his motion that he was unavoidably prevented from discovering this evidence because he and his counsel were denied discovery of witness statements and their criminal histories. In support, he attached the witness statements of Saunders, Carter, and Green, and the entries of criminal conviction pertaining to Green. He also attached a letter from one of his trial attorneys that indicated that open discovery was not available at the time of his trial and that the reports were not given to defense counsel.

{¶11} Although Shabazz has now obtained possession of the witness statements and criminal convictions, his blanket assertions that these documents show hearsay and perjured testimony are insufficient to withstand his burden that these documents were not available at the time of trial. In fact, his prior appeals demonstrate that this evidence was available at trial, was reviewed during the appropriate times at trial, and used by counsel at trial where defense counsel determined it was beneficial. *See Shabazz II* and *III*.

{¶12} In *Shabazz II*, this court held that trial counsel was not ineffective for failing to share discovery, i.e. witness statements, with Shabazz or use Green's criminal history for impeachment at trial. *Id*. at ¶ 8-9. Accordingly, this evidence was available a trial, and Shabazz was not unavoidably prevented from discovering this evidence because it was the underlying issue to his arguments in a prior appeal. Moreover, Green's prior convictions were public records, which could be discovered. Furthermore, in *Shabazz II*, this court held that the state complied with the then-existing discovery rules; thus, there was no withholding of evidence by the state. *Id*. at ¶ 8.

**{¶13}** Accordingly, because the arguments Shabazz makes in this appeal were previously considered and rejected in his prior appeals, the doctrine of res judicata applies. Res judicata bars any claim for postconviction relief that the petitioner raised or could have raised on direct appeal. *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994), syllabus. To overcome res judicata, a petitioner must present cogent, material evidence found outside the record on appeal, which must have been unavailable to the petitioner at the time of trial or his direct appeal. *State v. Cole*, 2 Ohio St.3d 112, 115, 443 N.E.2d 169 (1982)*; State v. Lewis*, 8th Dist. Cuyahoga No. 73736, 1998 Ohio App. LEXIS 5777 (Dec. 3, 1998) (noting that while the petitioner attached evidence dehors the record in support of his claims for relief, he made no claim that the evidence was unavailable to him at the time of his direct appeal). Morever, this court has further found successive motions for a new trial are barred by res judicata. *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11.

**{¶14}** Notwithstanding the effect of res judicata, we further find that Shabazz failed to satisfy his burden of proving he was unavoidably prevented from discovering the purported new evidence, which would warrant the trial court to grant him leave to request a new trial. Shabazz's first, second, third, fourth, and fifth assignments of error are overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR