[Cite as *State v. Shabazz*, 2019-Ohio-5245.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108315 |
| v. | : | |
| JAMILL SHABAZZ ABDUL, AKA JAMIL A. SHABAZZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-495551-A

***Appearances:***

Michael C. O'Malley Cuyahoga County Prosecuting Attorney, Jennifer Meyer and Mary M. Frey, Assistant Prosecuting Attorneys, *for appellee.*

Jamill Shabazz Abdul, *pro se.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Jamill Shabazz Abdul, a.k.a. Jamil A. Shabazz and Jamill Abdul ("Shabazz Abdul"), appeals from trial court's

judgment denying his petition for postconviction relief. He assigns the following error for our review:

I. The trial court violated Crim.R. 43(A) (1) of [Shabazz Abdul].

II. The trial court violated the substantial rights of [Shabazz Abdul], according to Crim.R. 33(C).

III. The trial court abused its discretion and violated the due process rights of [Shabazz Abdul].

{¶ 2} Having reviewed the record and the pertinent law, we affirm the decision of the trial court.

{¶ 3} In 2007, Shabazz Abdul was convicted of murder with a firearm specification, notice of prior conviction, and repeat violent offender specification in connection with the shooting death of Gregory Rogers. Shabazz Abdul was sentenced to 15 years to life, plus 3 years for the weapon.

{¶ 4} On direct appeal, Shabazz Abdul argued that the conviction was not supported by sufficient evidence, and that he did not receive effective assistance of counsel. This court affirmed. *State v. [Shabazz] Abdul*, 8th Dist. Cuyahoga No. 90789, 2009-Ohio-225 ("*Shabazz Abdul I*").

{¶ 5} Later in 2009, Shabazz Abdul filed a petition for postconviction relief in the trial court, claiming that a state's witness committed perjury, and that he was denied effective assistance of counsel. The trial court denied the petition, and this court affirmed its decision. *State v. Shabazz [Abdul]*, 8th Dist. Cuyahoga No. 94738, 2010-Ohio-5789 ("*Shabazz Abdul II*").

**{¶ 6}** On May 17, 2012, Shabazz Abdul filed his first motion for a new trial, challenging his indictment, the amendment of his indictment, and the court's jury instructions. The motion for a new trial was denied, and this court affirmed its decision. *State v. Shabazz* [*Abdul*], 8th Dist. Cuyahoga No. 98601, 2013-Ohio-267 ("*Shabazz Abdul III*").

**{¶ 7}** In 2012, Shabazz Abdul filed a pro se challenge to the imposition of postrelease control for the murder conviction, correctly noting that postrelease control is not applicable to murder, an unclassified felony. The trial court granted the motion on August 20, 2012, in a journal entry that stated, "defendant's sentencing entry is corrected to eliminate any reference to post-release control. However, defendant is not entitled to a de novo sentencing. *See State v. Lofton*, 4th Dist. [Pickaway] No. 11CA16, 2012-Ohio-2274."

**{¶ 8}** On September 9, 2013, Shabazz Abdul filed his second motion for a new trial, claiming newly discovered evidence. The trial court denied the second motion for a new trial, and this court affirmed its decision. *State v. Shabazz* [*Abdul*], 8th Dist. Cuyahoga No. 100623, 2014-Ohio-3142 ("*Shabazz Abdul IV*").

**{¶ 9}** In 2015, Shabazz Abdul filed a motion for leave to file his third motion for a new trial, arguing that he was unavoidably prevented from getting newly discovered exculpatory evidence. However, Shabazz Abdul did not present this evidence to the court. The trial court denied the motion for leave, and this court affirmed. *State v. Shabazz Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063 ("*Shabazz Abdul V*").

{¶ 10} Turning to the instant matter, in February 2019, Shabazz Abdul filed another petition for postconviction relief. He argued that in 2009, "pursuant to the remand by the Court of Appeals in Case No. 90789," his sentence was modified in his absence in violation of Crim.R. 43. Shabazz Abdul also argued that in 2012, the trial court issued a nunc pro tunc correction of his sentence to eliminate postrelease control for murder, and this "effectively vacated [the] sentence and imposed a new [and void] sentence." The trial court denied the petition.

## Petition for Postconviction Relief

{¶ 11} Shabazz Abdul argues that the trial court erred in denying his February 2019 petition for postconviction relief because a resentencing occurred in his absence "on remand" in 2009 following his direct appeal. He also argues that the court erroneously corrected the sentence in 2012 by a nunc pro tunc entry, rather than resentencing him in a new final appealable order.

{¶ 12} Under R.C. 2953.21, a petitioner may obtain postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist.

Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11. It does not provide a petitioner a second opportunity to litigate his or her conviction. *Id.* at ¶ 12.

{¶ 13} The postconviction relief statute allows only a limited time to file a petition for postconviction relief and provides that the petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional. R.C. 2953.23(A). However, R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only where the motion meets the requirements of R.C. 2953.23(A)(1). *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 21-22; *State v. Teitelbaum*, 10th Dist. Franklin No. 19AP-137, 2019-Ohio-3175, ¶ 12. The required showing is as follows:

> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 14} Res judicata is applicable to all postconviction proceedings. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). Under this doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.* at syllabus.

{¶ 15} Pursuant to R.C. 2953.21(C), a trial court may deny a petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905.

{¶ 16} On appeal, the reviewing court applies the de novo standard to determine the issue of whether a successive petition for postconviction relief satisfies the jurisdictional requirement established in R.C. 2953.23. *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 24.

{¶ 17} Considering each of Shabazz Abdul's claims in turn, we begin with the claim that following "remand" from his direct appeal in *Shabazz Abdul I,* a resentencing occurred in his absence. The opinion in the direct appeal, *Shabazz Abdul I,* states: "[t]he defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence." Thus, there was no remand for substantive proceedings; only execution of sentence. Therefore, the record does not support the claim of a resentencing or any

substantive proceedings occurring in Shabazz Abdul's absence upon remand from *Shabazz Abdul I*. Accordingly, this claim is without merit.

{¶ 18} As to the contention that the trial court erred in simply correcting the sentencing journal entry rather than conducting a new sentencing hearing, this court rejected this same argument in *State v. Opalach*, 8th Dist. Cuyahoga No. 100938, 2014-Ohio-5037. This court stated:

> Although the trial court properly notified Opalach of parole instead of postrelease control at the December resentencing, conducting the resentencing was unnecessary. As previously mentioned, there is no statutory requirement that a defendant be advised of parole supervision when convicted of an unclassified felony that carries an indefinite prison term. *See State v. Lawrence*, 2d Dist. Montgomery No. 24513, 2011-Ohio-5813, ¶ 8; R.C. 2929.19. Accordingly, the trial court did not need to resentence Opalach. The court could have simply corrected the sentencing entry by eliminating any reference to postrelease control.

*Id.* at ¶ 7, citing *State v. Evans*, 8th Dist. Cuyahoga No. 95692, 2011-Ohio-2153, ¶ 8-9.

{¶ 19} As to Shabazz Abdul's related claim that the 2012 entry created a new judgment of conviction that, in turn, created a new final appealable order, this argument was also rejected in *Opalach*. *Id.* at ¶ 8.

{¶ 20} In accordance with all of the foregoing, the requirements of R.C. 2953.23 were not satisfied herein, because Shabazz Abdul's motion does not raise any constitutional error that could have affected the factfinder's judgment as to his guilt. R.C. 2953.23(A)(1)(b). Shabazz Abdul does not identify any new constitutional right applicable to his case, and he was not "unavoidably prevented" from

discovering the 2009 and 2012 actions raised herein. Therefore, his petition does not fall within the exceptions permitting a court to consider a late or successive petition under R.C. 2953.23(A)(1), and it could have been properly dismissed on that basis alone. *See, e.g, State v. Melhado*, 10th Dist. Franklin No. 05AP-272, 2006-Ohio-641, ¶ 18 ("A trial court lacks jurisdiction to hear an untimely filed petition for post-conviction relief if the two conditions of R.C. 2953.23(A)(1) are not satisfied."). Finally, these claims could have been brought during the appeals in *Shabazz Abdul IV* or *Shabazz Abdul V* so they are barred by res judicata.

**{¶ 21}** The trial court did not err in denying the instant petition for postconviction relief.

**{¶ 22}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR