[Cite as *State v. Gray*, 2021-Ohio-3670.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,              :

                                      No. 110283

    v.                                       :

RAMON GRAY,                                       :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 14, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-507759-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

G. Michael Goins, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Ramon Gray ("Gray") appeals the trial court's decision denying Gray's motion for leave to file a motion for new trial. We affirm the trial court's decision.

{¶ 2} In 2008, Gray was convicted of two counts of aggravated murder, in violation of R.C. 2903.01(A), and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3). At the end of the jury trial, Gray was sentenced to life imprisonment without the possibility of parole.

## I.    Facts and Procedural History

{¶ 3} On January 11, 2007, Andre Parker ("Andre") and Willie Deloach ("Deloach") were shot and killed in a parking lot of a night club in the city of Cleveland. Deloach was found lying on the ground in the parking lot, and Andre was found inside a vehicle. Several people testified that they observed several men fighting before the shooting. Eddie Parker ("Eddie"), Andre's brother, testified that he saw Rufus Gray ("Rufus"), the brother of Gray, fighting with Deloach and Gray pulling a weapon. As Eddie ran for help, he heard gunshots. Eddie testified that he saw Gray, with his hand on top of the car, aiming the gun in the car and shooting at Andre. "The coroner also determined that both men had been shot with the same weapon." *State v. Gray*, 8th Dist. Cuyahoga No. 92303, 2010-Ohio-240, ¶ 4. ("*Gray I*").

{¶ 4} The Cleveland police matched the fingerprints from the top of the car to Gray. Another witness, who called 911, stated that they observed a gray Trofeo heading westbound from the shooting location. Shardae Hancock testified that she gave her gray Oldsmobile Trofeo to Gray.

{¶ 5} "The police arrested [Gray] in February 2008. After his arrest, Eddie identified [Gray] in a physical line-up at police headquarters as the man who shot

his brother." *Id.* at ¶ 8.  Gray was tried and convicted of two counts of aggravated murder.  During the mitigation phase, Gray declined to provide any facts about the incident and asked the jury to spare his life.  He received a life sentence without the possibility of parole and filed an appeal with this court.

{¶ 6}  In *Gray I*, Gray assigned several errors for this court to review.  The court affirmed Gray's convictions.  On January 21, 2014, Gray filed a petition for postconviction relief.  The trial court denied Gray's petition stating that the motion was untimely and barred by res judicata.  Judgment entry No. 82891520 (Feb. 6, 2014).

{¶ 7}  In 2017, Gray filed a motion for leave to file delayed motion for new trial pursuant to Crim.R. 33(A)(6).  In that motion, Gray argued that he was unavoidably prevented from discovering new evidence.  Gray argues that at the time Andre and Deloach were killed, he was fighting with Curtis Davis ("Davis").[1]  He furthered argued that he did not know the name of the man he was fighting with so he could not call him as an alibi witness at his trial.  On March 27, 2018, the trial court conducted a hearing on the motion, and on June 5, 2018, the trial court denied Gray's motion.

{¶ 8}  Gray filed an appeal in *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638 ("*Gray II*"), arguing that the trial court erred when it denied his motion for leave to file a motion for a new trial.  This court affirmed the trial court's

---

[1]  Gray met Davis in a prison library at the Lake Erie Correctional Institution where they were both incarcerated.

decision, stating, Gray "had to establish, by clear and convincing evidence, that he was unavoidably prevented from discovering the new evidence as a predicate for obtaining leave to file a new trial." *Id.* at ¶ 13. The court continued, stating, "even assuming [Gray] established he was unavoidably prevented from discovering the name of Davis, [Gray's] motion for leave was not filed within a reasonable time after he learned of the new evidence." *Id.* at ¶ 17.

{¶ 9} In April 2020, Gray filed another motion for leave to file a motion for a new trial. On January 12, 2021, the trial court denied Gray's motion stating,

> Defendant's motion for leave to file motion for new trial filed 4/20/2020 is denied. On 6/5/2018, after having considered the arguments made in defendant's motion for leave to file delayed motion for new trial, the state of Ohio's brief in opposition, and having held a hearing on such motion, this court denied the motion for leave, subsequently, this court's ruling was affirmed by the 8th District Court of Appeals on 5/02/2019. Further, by entry dated 8/5/2019, the Ohio Supreme Court declined to accept jurisdiction of appeal. This court has already made its finding pursuant to Crim.R. 33. The evidence is not newly discovered, defendant was not unavoidably prevented from discovering the information and finally, the defendant's claims are barred by the doctrine of res judicata.

Judgment entry No. 115694897 (Jan. 13, 2021).

{¶ 10} In response to the trial court's denial of Gray's motion for leave to file motion for new trial, Gray filed this appeal assigning three errors for our review:

> I.    The trial court abused its discretion and violated appellant's due process rights, when it denied appellant's motion for leave, finding appellant failed to show by clear and convincing evidence he was unavoidably prevented from discovering the evidence that appellant introduced in his motion for new trial when the evidence on its face demonstrated such unavoidableness;

II. The trial court abused its discretion when it denied appellant's motion for leave to file a motion for new trial without conducting an evidentiary hearing, as appellant submitted documentation that on its face supported appellant's claim that he was unavoidably prevented from discovering said evidence earlier; and

III. The trial court abused its discretion when it ruled appellant's 4/20/2020 motion for leave to file a motion for new trial was barred by the doctrine of res judicata.

{¶ 11} We would like to note that Gray's arguments are identical to the arguments in *Gray II*. In *Gray II*, this court ruled that "the trial court's denial of his motion for leave to file a motion for new trial was not an abuse of discretion." *Id.* at ¶ 18. Because Gray's first assignment of error is dispositive of the appeal and barred by res judicata, we decline to address the remaining assignments of error. App.R. 16(A).

## II. Motion for Leave and Res Judicata

### A. Standard of Review

{¶ 12} Motions for a new trial under Crim.R. 33(B) based on "newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Additionally, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.* This court reviews the

denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 11. An abuse of discretion is not simply an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Yates*, 8th Dist. Cuyahoga No. 96664, 2011-Ohio-4962, ¶ 5.

**B.    Law and Analysis**

{¶ 13} Because the arguments Gray makes in this appeal were previously considered and rejected in his prior appeal, the doctrine of res judicata applies. *State v. Shabazz*, 8th Dist. Cuyahoga No. 100623, 2014-Ohio-3142, ¶ 13. "Res judicata bars any claim for postconviction relief that the petitioner raised or could have raised on direct appeal." *Id.*, citing *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994), syllabus. "'In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that he or she could not have appealed the original constitutional claim based on the information in the original trial record.'" *State v. Cody*, 8th Dist. Cuyahoga No. 102213, 2015-Ohio-2764, ¶ 16, quoting *State v. Combs*, 100 Ohio App.3d 90, 97-98, 652 N.E.2d 205 (1st Dist.1994).

{¶ 14} Gray has not demonstrated that he was unavoidably prevented from discovering Davis's name. According to the affidavit that Gray submitted in *Gray II*,

> while [Gray] was serving time at Lake Erie Correctional Institution, Davis began serving a ten-year sentence at the same facility in late 2015. Davis approached [Gray] and indicated he was the fourth man

who fought with [Gray] on the day of the murders. Davis's affidavit depicts the same facts as those presented above. Davis did not offer an alibi for [Gray] at trial due to his fear of being shot or beat up by Eddie Parker. Davis now avers that [Gray] did not have a weapon on the night in question and [Gray] did not shoot Andre Parker or Willie DeLoach; [Gray] was with Davis on East 142nd when those individuals were shot. Davis kept a low profile to avoid any encounters with the police or Eddie Parker and, as a result, it would have been difficult to locate Davis following the shootings.

*Id.* at ¶ 7.

{¶ **15**} Akin to the decision in *Gray II*, we agree that

even assuming [Gray] established he was unavoidably prevented from discovering the name of Davis, [Gray's] motion for leave was not filed within a reasonable time after he learned of the new evidence. Davis was transferred to the Lake Erie Correctional Institution in late 2015. Davis's affidavit was not obtained until December 2017. The lapse of two years is outside a reasonable timeframe.

*Id.* at ¶ 17.

{¶ **16**} Gray also argued that his brother, Rufus, confessed to shooting both men. Although Gray previously argued this point, he now contends that it qualifies as new evidence because Rufus did not previously admit to shooting the men, but rather that he just shot the gun in the air. Rufus was also tried for the murders and found not guilty because only Gray's fingerprints were found on the gun and a witness saw Gray shoot one of the men. Also, during the trial it was determined that both men were shot by the same gun. However, we recognize that at Gray's trial, Rufus did not testify even though he was not barred by the Fifth Amendment to the U.S. Constitution right against self-incrimination. Additionally, the aforementioned information was presented in the 2017 affidavit, and therefore, not deemed as new

evidence. Finally, the affidavit of the female witness stating that Rufus confessed to her that he was the shooter is also not new evidence because it is just reiterating Rufus's statement. Therefore, her statement is also barred by res judicata, as these arguments were raised or should have been raised previously.

{¶ 17} We overrule Gray's argument, determine that it is barred by res judicata, and find that the trial court did not abuse its discretion when it denied Gray's motion for leave to file a motion for new trial. We decline to address the remaining assignments of error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR.*, J., and
MARY EILEEN KILBANE, J., CONCUR


* Judge Larry A. Jones, Sr., concurred in this Journal Entry and Opinion prior to his death on October 7, 2021.

(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. *See State v. Pembaur* (1982), 69 Ohio St.2d 110.)