[Cite as *State v. Shabazz*, 2024-Ohio-345.]

**[Please see vacated opinion at 2023-Ohio-2775.]**

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112140 |
| v. | : | |
| JAMIL A. SHABAZZ, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 1, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-07-495551-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee*.

Jamil A. Shabazz, *pro se*.

ON RECONSIDERATION[1]

ANITA LASTER MAYS, P.J.:

**{¶1}** Plaintiff-appellee, the state of Ohio ("the state"), moves this court, pursuant to App.R. 26(A)(1), to reconsider our decision in the *State v. Shabazz*, 8th Dist. Cuyahoga No. 112140, 2023-Ohio-2775, which we issued on August 10, 2023.

**{¶2}** App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified.

> In determining whether to grant a motion for reconsideration filed pursuant to App.R. 26(A)(1)(a), the test "'is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been.'"

*State v. Beckwith*, 8th Dist. Cuyahoga No. 102544, 2016-Ohio-3267, ¶ 2, quoting *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, quoting *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982).

**{¶3}** The state's motion calls to the attention of this court an error in its decision. Accordingly, we grant the motion for reconsideration, vacate the earlier

---

[1] The original decision in this appeal, *State v. Shabazz*, 8th Dist. Cuyahoga No. 112140, 2023-Ohio-2775, released on August 10, 2023, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

opinion, and issue this opinion in its place. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

**{¶4}** Defendant-appellant Jamil A. Shabazz ("Shabazz") appeals the denial of his motion for a new trial and asks this court to grant him a new trial. We affirm the judgment of the trial court.

## I. Procedural History

**{¶5}** On November 28, 2007, Shabazz was found guilty of one count of murder, an unclassified felony, in violation of R.C. 2903.02. A three-year firearm specification was attached to the charge. Shabazz was sentenced to a total of 18 years' imprisonment.

**{¶6}** Shabazz, then referred to as Jamil Shabazz Abdul, appealed in *State v. Abdul*, 8th Dist. Cuyahoga No. 90789, 2009-Ohio-225 ("*Shabazz I*"), arguing that he "was not afforded effective assistance of counsel when defense counsel failed to inquire concerning prospective jurors bias towards member of the Muslim faith." *Id.* at ¶ 1. He also argued that "the trial court erred in denying appellant's motion for acquittal where evidence is not sufficient to support conviction." *Id.* The court affirmed Shabazz's convictions. *Id.* at ¶ 2, 35. The court found that the evidence "could convince a rational trier of fact that the State had proven beyond a reasonable doubt each element of the charge of murder." *Id.* at ¶ 28. The court stated:

Two eye-witnesses, both members of the Mad Dog social organization, testified that they saw Shabazz Abdul exit the residence, re-enter after a few moments with a gun, and immediately shoot Rodgers in the head. Both Green and Saunders testified that Shabazz Abdul shot Rodgers at close range. In addition, Dr. Armstrong, a forensic pathologist, confirmed that Rodgers was shot in the head from a distance of less than 12 inches.

*Id.* at ¶ 29.

**{¶7}** Later in 2009, Shabazz filed a petition for postconviction relief, claiming that the witnesses committed perjury. The trial court denied his petition, and Shabazz appealed in *State v. Shabazz*, 8th Dist. Cuyahoga No. 94738, 2010-Ohio-5789 ("*Shabazz II*"). In *Shabazz II*, Shabazz appealed the trial court's denial of his petition for postconviction relief. *Id.* at ¶ 1. The court affirmed the trial court's ruling. *Id.* The court stated that Shabazz's claims are barred by res judicata. *Id.* at ¶ 6. Additionally, the court stated that Shabazz did not offer any evidence to support his claims. *Id.* at ¶ 7.

**{¶8}** In 2012, Shabazz filed a motion for a new trial, challenging his indictment, the amendment to his indictment, and the trial court's jury instructions. The trial court denied his motion, and Shabazz appealed in *State v. Shabazz*, 8th Dist. Cuyahoga No. 98601, 2013-Ohio-267 ("*Shabazz III*"). The court affirmed the trial court's denial. The court stated, "Although not raised in appellant's motion for a new trial before the trial court, appellant now asserts that his motion is based on newly discovered evidence. However, none of appellant's assignments of error pertain to newly discovered evidence." *Id.* at ¶ 9.

**{¶9}** The court also stated that Shabazz's claims were barred by res judicata, stating, "Each of appellant's assignments of error pertain to matters that were squarely within the record at the time of appellant's direct appeal. Because they were not raised on direct appeal, appellant is barred by the doctrine of res judicata from raising them in this subsequent action." *Id*. at ¶ 11.

**{¶10}** In 2012, Shabazz filed a pro se challenge to the imposition of postrelease control for the murder conviction, correctly noting that postrelease control is not applicable to murder, an unclassified felony. The trial court granted the motion on August 20, 2012, in a journal entry that stated, "Defendant's sentencing entry is corrected to eliminate any reference to post-release control. However, the defendant is not entitled to a de novo sentencing. *See State v. Lofton*, 4th Dist. Pickaway No. 11CA16, 2012-Ohio-2274."

**{¶11}** In 2013, Shabazz filed a second motion for a new trial, claiming newly discovered evidence. The trial court denied the motion, and Shabazz filed an appeal in *State v. Shabazz*, 8th Dist. Cuyahoga No. 100623, 2014-Ohio-3142 ("*Shabazz IV*") appealing the trial court's decision denying his motion for leave asking for a new trial. *Id*. at ¶ 1. The court affirmed the trial court's decision. *Id*. The court stated, "Accordingly, because the arguments Shabazz makes in this appeal were previously considered and rejected in his prior appeals, the doctrine of res judicata applies." *Id*. at ¶ 13. "Notwithstanding the effect of res judicata, we further find that Shabazz failed to satisfy his burden of proving he was unavoidably

prevented from discovering the purported new evidence, which would warrant the trial court to grant him leave to request a new trial." *Id*. at ¶ 14.

{¶12} In 2015, Shabazz filed a motion for leave to file a motion for a new trial. Shabazz did not present any new evidence to the trial court, and the trial court denied his motion. Shabazz filed an appeal in *State v. Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063 ("*Shabazz V*"). The court affirmed the trial court's decision. *Id*. at ¶ 1. The court ruled that Shabazz's assignments of error were barred by res judicata. *Id*. at ¶ 13.

{¶13} In 2019, Shabazz filed another petition for postconviction relief, and the trial court denied the petition. Shabazz filed an appeal in *State v. Abdul*, 8th Dist. Cuyahoga No. 108315, 2019-Ohio-5245 ("*Shabazz VI*"). The court affirmed the trial court's decision, stating that Shabazz's claims are barred by res judicata. *Id*. at ¶ 20.

{¶14} In 2022, Shabazz filed a fourth motion for leave to file a motion for a new trial and a motion for a new trial. The trial court denied both motions, and Shabazz filed this appeal.

{¶15} This court summarized the facts of this case in *Shabazz I* at ¶ 5-22. Shabazz assigns two errors for our review:

> 1. Appellant was not afforded a new trial based on a Brady violation when he filed a Crim.R. 33(B) motion; and

> 2. The appellant's substantial rights were violated when the prosecution abused their discretion and committed misconduct.

## II. Summary Denial of Successive Motion for New Trial Filed Without Leave and Res Judicata

**{¶16}** Shabazz's arguments are identical to the ones he made in prior appeals. He claims that the state's witness lied on the stand and the prosecution withheld exculpatory evidence. However, Shabazz's arguments are barred by res judicata. "Res judicata is applicable to all postconviction proceedings." *Shabazz VI* at ¶ 14, citing *State v. Szefcyk*, 77 Ohio St. 3d 93, 95, 671 N.E.2d 233 (1996). "Under this doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.*

**{¶17}** Pursuant to R.C. 2953.21(C), a trial court may deny a petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d. 905 (1999).[2]

**{¶18}** In this instant case, Shabazz filed a fourth motion for a new trial under Crim.R. 33(B). According to the rule, one seeking a new trial based on newly discovered evidence after the period specified in the rule has expired, must first

---

[2] Petitioner cites R.C.2953.21(C) as applicable to his argument on appeal. This court recognizes that the issue on appeal for a denial of a motion for a new trial is governed under Crim.R. 33(B).

file a motion for leave to file a motion for new trial. The motion for leave must demonstrate that the movant was unavoidably prevented from discovering the new evidence that underpins a future motion for new trial.

> [A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and [with reasonable diligence,] could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial * * *.

*State v. Walden*, 19 Ohio App.3d 141, 145-146, 19 Ohio B. 230, 483 N.E.2d 859 (10th Dist.1984).

{¶19} This court reviews the denial of a delayed motion for a new trial for an abuse of discretion. *State v. Gray*, 8th Dist. Cuyahoga No. 94282, 2010-Ohio-5842, ¶ 17. However, Shabazz has not demonstrated that he was unavoidably prevented from discovering new evidence. Therefore, the trial court did not err when it denied Shabazz's motion for a new trial. Furthermore, these claims could have been brought during the prior appeals and are barred by res judicata.

{¶20} Therefore, Shabazz's assignments of error are overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR